2016-CV15087

Electronically Filed - Jackson - Kansas City - July 14, 2020 - 10:17 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | |
|---|---|
| WILLIAM CASTANS,<br><br>      Plaintiff,<br><br>v.<br><br>CBIZ INSURANCE SERVICES, INC.<br><br>**Serve**: Registered Agent<br>    Corporate Creations Network Inc.<br>    12747 Olive Blvd., #300<br>    St. Louis, MO 63141<br><br>      Defendant. | **Case No.**<br><br>**Division**<br><br>**JURY TRIAL DEMANDED** |

## PETITION

William Castans ("Plaintiff"), states the following allegations against CBIZ Insurance Services, Inc. ("CBIZ" or "Defendant"):

### Parties

1. Plaintiff William Castans is an individual citizen and resident of Olathe, Johnson County, Kansas.

2. Defendant CBIZ Insurance Services, Inc. is a foreign for-profit company licensed to do business in Missouri, and doing business in Kansas City, Missouri.

### Jurisdiction and Venue

3. Jurisdiction is proper under R.S.Mo. § 506.500 in that Defendant transacted business, contracted with Plaintiff, and breached its contract with Plaintiff in the State of Missouri.

4. Venue is proper in this Court under R.S.Mo. § 508.010 as there is personal jurisdiction over Defendant in the State of Missouri, and the events alleged in this Petition took place in whole, or in part, in Jackson County, Missouri.

**Factual Background**

5. On October 11, 2018, Defendant made a verbal offer of employment to Plaintiff for a position as a Producer.

6. Defendant formalized its offer in a December 31, 2018 letter, which provided that Mr. Castans would be paid a base salary of $125,000 "until you validate," at which point Plaintiff would be paid solely by commission. Exhibit 1, Offer Letter and Employment Agreement.[1]

7. Plaintiff was also to be paid $25,000 for mentoring (not subject to validation), plus certain other commissions.

8. In reliance on the offer from CBIZ, Mr. Castans left a position where he was highly compensated, and he started employment at CBIZ on January 14, 2019.

9. Mr. Castans, a Licensed Commercial Insurance Producer in both Property & Casualty and Healthcare Benefits (Life & Health) with significant experience, left a highly compensated position from one of the world's largest commercial insurance risk services corporations and started his career at CBIZ, on January 14, 2019.

10. CBIZ hired Plaintiff to develop larger business opportunities on comprehensive insurance programs that CBIZ had little experience with. CBIZ and Plaintiff anticipated that Plaintiff would mentor, develop, and provide the necessary business skills to newly hired young insurance producers, and it promised to compensate Plaintiff for those mentoring services.

11. CBIZ did not hire new young producers as promised.

---

[1] Attachment will be served with Petition, but because of size may not be filed electronically.

2

12. Shortly after Plaintiff began work, he and CBIZ entered an Employment Agreement setting forth in detail the terms of his compensation, which were consistent with the terms of compensation promised in the offer letter. Exhibit 1, Offer Letter and Employment Agreement.[2]

13. The Employment Agreement between Plaintiff and Defendant provided that Plaintiff's employment "shall continue unless terminated without cause by either party upon thirty (30) days written notice to the other party or terminated immediately for cause as hereinafter provided for in section 9."

14. Together, the December 31, 2018 offer letter and the Employment Agreement formed an employment contract that obligated CBIZ to compensate Mr. Castans according to the agreed terms until certain objective criteria were met, that is, as CBIZ put it, "until you validate."

15. In the commercial insurance industry, the term "validate" means to earn a level of commission that fully compensates the salesperson.

16. The term "Validate" in the Commercial Insurance industry means that the Producer is allowed ample time – approximately 36 months, generally – to generate an agreed upon amount of revenue that justifies their salary. Most insurance policies come due in January and June, so sufficient time is needed to build new business relationships to accomplish the objective.

17. In the commercial insurance industry it commonly takes approximately 36 months for a salesperson to build a book of business that validates the salesperson's salary. Depending on circumstances, however, more time may be necessary, particularly because each year presents limited opportunities to build business, based on policy renewal dates.

18. In the context of Plaintiff's work with CBIZ, validation would have been reasonably expected to take longer than the usual expectation, because the position CBIZ lured

---

[2] Attachment will be served with Petition, but because of size may not be filed electronically.

3

Plaintiff away from included a non-competition and non-solicitation agreement, which restricted Plaintiff's potential business targets for a period of time.

19. CBIZ specifically cautioned Plaintiff not call on clients he had worked with in his previous position because of a 24-month non-solicitation agreement with that employer.

20. Nevertheless, Plaintiff's business pipeline and new business opportunities, along with the multitude of face-to-face business meetings he was developing, indicated he was well on track to validating.

21. Approximately three months after Plaintiff began his employment with CBIZ, however, Defendant expressed dissatisfaction with Plaintiff's progress and place him on notice of potential termination.

22. CBIZ actually terminated Plaintiff's employment in September 2019, long before he could reasonably have been expected to validate.

23. In terminating Plaintiff, CBIZ did not invoke the provision of the Employment Agreement allowing for termination without cause.

24. The Employment Agreement between the parties set forth specific events that could be "good cause" for termination, including gross negligence, criminal or unethical conduct, failure to maintain professional licenses, or failure to meet production objectives communicated to Plaintiff.

25. None of the defined elements of "good cause" existed in the context of Defendant's termination of Plaintiff.

26. The performance objective most specifically and communicated to Plaintiff was that he would be paid his salary until he validated.

27. Defendant terminated Plaintiff and stopped paying his salary and benefits before he validated, and before he could reasonably have been expected to validate.

Electronically Filed - Jackson - Kansas City - July 14, 2020 - 10:17 PM

28. As a result of his termination, Plaintiff has lost the compensation promised in his contract, an annual rate of $150,000 plus certain commissions.

## COUNT I
## Breach of Contract

29. Plaintiff and Defendant entered into an employment contract under which Defendant would compensate Plaintiff a certain amount, and provide certain benefits and commissions, until he "validated."

30. Pursuant to the contract, Plaintiff worked for Defendant from January 2019 until his termination later that year.

31. Defendant terminated Plaintiff in September 2019, long before Plaintiff could reasonably have been expected to "validate."

32. By terminating Plaintiff and ceasing to compensate him before he validated, without invoking the contract's provision regarding termination without cause and without establishing any of the conditions necessary for termination with cause, Defendant breached its contract with Plaintiff.

33. Plaintiff satisfied all of his obligations under the contract.

34. As a direct result of Defendant's breach, Plaintiffs have been damaged in the amount that he would have been compensated in salary and benefits had Defendant not breached the contract, in an amount of approximately $450,000, not including interest.

**WHEREFORE**, Plaintiff William Castans demands judgment against Defendant CBIZ and prays for: 1) compensatory damages; 2) attorneys' fees and costs as appropriate; 3) pre-judgment and post-judgment interest as provided by law; and 4) such other relief as the Court deems fair and equitable.

5

## COUNT II
### Promissory Estoppel

35. In making a job offer to Plaintiff, promising to pay the amounts specified above, Defendant lured Plaintiff away from a previous position, in which he was well compensated.

36. Defendant's promise of payment was definite and objective, both with respect to the amounts offered and the conditions under which those amounts would be paid.

37. Defendant could reasonably foresee that Plaintiff would rely on Defendant's promise, leave his previous, lucrative position, and begin employment with CBIZ.

38. Plaintiff did in fact leave his position to begin employment with CBIZ, relying to his determent on Defendant's promises.

39. Injustice can only be avoided of Defendant's promises are enforced, such as with reinstatement for a reasonable period of time until Plaintiff validates, or alternatively if Plaintiff is compensated a reasonable amount in lieu of reinstatement.

WHEREFORE, Plaintiff requests that the Court grant him judgment against Defendant and award him reinstatement or, alternatively, compensation in lieu of reinstatement, pre-judgment and post-judgment interest as allowed by law; and such other relief as the Court deems fair and equitable.

### JURY DEMAND

Plaintiff hereby requests trial by jury of all issues triable by jury.

Respectfully Submitted,

**DUGAN SCHLOZMAN LLC**

 /s/ *Mark V. Dugan*
Heather J. Schlozman, KS Bar # 23869
Mark V. Dugan, KS Bar # 23897
heather@duganschlozman.com

6

Electronically Filed - Jackson - Kansas City - July 14, 2020 - 10:17 PM

Electronically Filed - Jackson - Kansas City - July 14, 2020 - 10:17 PM

mark@duganschlozman.com
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
Telephone: (913) 322-3528
Facsimile: (913) 904-0213

**Counsel for Plaintiff**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

**WILLIAM CASTANS**,

               **PLAINTIFF(S)**,          **CASE NO.  2016-CV15087**

**VS.**                                                                       **DIVISION 1**

**CBIZ INSURANCE SERVICES INC**,

               **DEFENDANT(S).**

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
AND ORDER FOR MEDIATION**

___

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **SANDRA C. MIDKIFF** on **14-JUN-2021** in **DIVISION 1** at **09:00 AM**.  All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting.  Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1.  Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file.  All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1.  A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2.  The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS.  Civil Records does not update attorney information from answers or other pleadings.  The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.     A trial setting;

      b.     Expert Witness Disclosure Cutoff Date;

      c.     A schedule for the orderly preparation of the case for trial;

      d.     Any issues which require input or action by the Court;

      e.     The status of settlement negotiations.

## MEDIATION

  The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court.  Each party shall personally appear at the mediation and participate in the process.  In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

  The parties shall confer and select a mutually agreeable person to act as mediator in this case.  If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

  Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

  Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

        /S/ **SANDRA C. MIDKIFF**
        SANDRA C. MIDKIFF**, Circuit Judge**

Certificate of Service

  This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition.  It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
MARK VAN BUREN DUGAN, 8826 SANTA FE DR STE 307, OVERLAND PARK, KS 66212

Defendant(s):
 CBIZ INSURANCE SERVICES INC

 Dated:  21-JUL-2020            MARY A. MARQUEZ
                          Court Administrator

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☒ AT KANSAS CITY  ☐ AT INDEPENDENCE

**RE**: WILLIAM CASTANS V CBIZ INSURANCE SERVICES INC
**CASE NO:** 2016-CV15087

**TO:** MARK VAN BUREN DUGAN
8826 SANTA FE DR STE 307
OVERLAND PARK, KS  66212

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on <u>7-14-20</u>. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12  SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:** How do you want service to be done?  Any questions, please call 881-1370.
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost.  Collection efforts will be pursued for these costs.**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed JULY 21, 2020 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

JULY 21, 2020                         By _Cheryl Smalley_
Date                                              Deputy Court Administrator
☒ 415 East 12th St., Kansas City, Missouri 64106
☐ 308 W. Kansas, Independence, Missouri 64050

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | |
|---|---|
| WILLIAM CASTANS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CBIZ INSURANCE SERVICES, INC.<br><br>**Serve**: Registered Agent<br>　　　Corporate Creations Network Inc.<br>　　　12747 Olive Blvd., #300<br>　　　St. Louis, MO 63141<br><br>　　　　　　　Defendant. | Case No. 2016-CV-15087<br><br>Division 1 |

**MOTION AND ORDER FOR APPROVAL AND**
**APPOINTMENT OF PRIVATE PROCESS SERVER**

Plaintiff requests that D&B Legal Services, Inc. be approved and appointed as process servers for the Petition in this case. The following individuals associated with D&B Legal Services are not parties to the case and are at least 18 years of age:

| | | |
|---|---|---|
| Jamie Andrews PPS20-0009 | Jeff Brown PPS20-0018 | Mary Dahlberg PPS20-0027 |
| Caleb Battreal PPS20-0010 | Hester Bryant PPS20-0019 | Bert Daniels JR PPS20-0028 |
| Bernard Beletsky PPS20-0011 | Nicholas Bull PPS20-0020 | Richard Davis PPS20-0029 |
| Carrington Bell PPS20-0012 | Randy Burrow PPS20-0021 | Anthony Dice PPS20-0497 |
| Thomas Bogue PPS20-0013 | Gory Burt PPS20-0022 | David Dice PPS20-0030 |
| Brent Bohnhoff PPS20-0014 | Kyle Carter PPS20-0023 | Maureen Dice PPS20-0031 |
| Arthur Boyer PPS20-0015 | Michael Conklin PPS20-0024 | Norman Diggs PPS20-0032 |
| Scott Brady PPS20-0016 | Lisa Corbett PPS20-0025 | Edwina Ditmore PPS20-0033 |
| Gary Brakemeyer PPS20-0017 | Dennis Dahlberg PPS20-0026 | Marrissa Doan PPS20-0034 |

| | | |
|---|---|---|
| Shawn Edwards PPS20-0035 | Edward Johnson PPS20-0060 | Ronald Moore PPS20-0086 |
| Tonya Elkins PPS20-0036 | James Johnson PPS20-0061 | Andrew Myers PPS20-0087 |
| William Ferrell PPS20-0037 | Etoya Jones PPS20-0062 | Frederick Myers PPS20-0088 |
| Robert Finley PPS20-0335 | Patrick Jones PPS20-0063 | James Myers PPS20-0089 |
| James Frago PPS20-0038 | Derec Kelley PPS20-0064 | Stephanie Myers PPS20-0090 |
| John Frago PPS20-0039 | Brent Kirkhart PPS20-0065 | Christopher New PPS20-0091 |
| Kenneth Frechette II PPS20-0040 | Janice Kirkhart PPS20-0066 | Jeremy Nicholas PPS20-0092 |
| Andrew Garza PPS20-0041 | Tyler Kirkhart PPS20-0067 | Michael Noble PPS20-0093 |
| Bradley Gordon PPS20-0042 | Damon Lester PPS20-0068 | Greg Noll PPS20-0094 |
| Thomas Gorgen PPS20-0043 | Daniel Maglothin PPS20-0069 | Robert O'Sullivan PPS20-0095 |
| Tom Gorgone PPS20-0044 | Chad Maier PPS20-0070 | Mike Perry PPS20-0096 |
| Richard Gray PPS20-0045 | Kenneth Marshall PPS20-0071 | Bob Peters PPS20-0097 |
| Charles Gunning PPS20-0046 | Deborah Martin PPS20-0072 | Devin Pettenger PPS20-0098 |
| James Hannah PPS20-0047 | Michael Martin PPS20-0073 | Carrie Pfeifer PPS20-0099 |
| Rufus Harmon PPS20-0048 | Todd Martinson PPS20-0074 | Craig Poese PPS20-0159 |
| James Harvey PPS20-0049 | Timothy McGarity PPS20-0075 | Bill Powell PPS20-0100 |
| Natalie Hawks PPS20-0050 | Casey McKee PPS20-0076 | Dee Powell PPS20-0101 |
| Douglas Hays PPS20-0051 | Michael Meador PPS20-0077 | Samantha Powell PPS20-0102 |
| Stephen Heitz PPS20-0052 | Kenny Medlin PPS20-0078 | Kim Presler PPS20-0103 |
| Wendy Hilgenberg PPS20-0053 | Maria Meier PPS20-0079 | Marcus Presler PPS20-0104 |
| James Hise PPS20-0054 | Thomas Melte PPS20-0080 | Mark Rauss PPS20-0105 |
| Gerald Hissam PPS20-0055 | Matthew Millhollin PPS20-0081 | Terri Richards PPS20-0106 |
| William Hockersmith PPS20-0056 | James Mitchell PPS20-0082 | Jorge Rivera PPS20-0107 |
| Alex Holland PPS20-0057 | Alexious Moehring PPS20-0083 | Sammie Robinson PPS20-0108 |
| Mary Hurley PPS20-0058 | Jonathan Moehring PPS20-0084 | Richard Roth PPS20-0109 |
| Betty Johnson PPS20-0059 | Jason Moody PPS20-0085 | Edna Russell PPS20-0110 |

2

| | | |
|---|---|---|
| Brenda Schiwitz PPS20-0111 | Sonja Stone PPS20-0118 | Andrew Wickliffe PPS20-0128 |
| Michael Siegel PPS20-214 | David Taliaferro PPS20-0119 | Norman Wiley PPS20-0129 |
| Joe Sherrod PPS20-0112 | Michael Taylor PPS20-0120 | Gregory Willing PPS20-0130 |
| Andrew Sitzes PPS20-0113 | Robert Torrey PPS20-0121 | Conni Wilson PPS20-0131 |
| Laura Skinner PPS20-0114 | Lucas Traugott PPS20-0122 | Jerry Wilson PPS20-0132 |
| Thomas Skinner PPS20-0115 | Steve Trueblood PPS20-0123 | Debra Woodhouse PPS20-0133 |
| Richard Skyles PPS20-0215 | Jonathan Trumpower PPS20-0124 | Stan Yoder PPS20-0134 |
| Chris Stanton PPS20-0216 | Ryan Weekley PPS20-0125 | Greg Zotta PPS20-013 |
| William Steck PPS20-0116 | Misty Wege PPS20-0126 | |
| Randy Stone PPS20-0117 | Andrew Wheeler PPS20-0127 | |

Plaintiff therefore requests that these persons be appointed to serve process in this case.

                                            Respectfully Submitted,

                                            **DUGAN SCHLOZMAN LLC**

                                            /s/ *Mark V. Dugan*
                                            Heather J. Schlozman, Mo Bar #43234
                                            Mark V. Dugan, Mo Bar # 39629
                                            heather@duganschlozman.com
                                            mark@duganschlozman.com
                                            8826 Santa Fe Drive, Suite 307
                                            Overland Park, Kansas 66212
                                            Telephone:  (913) 322-3528
                                            Facsimile:   (913) 904-0213

                                            **Counsel for Plaintiff**

## ORDER

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____             _____
                                                              Judge or Clerk

Electronically Filed - Jackson - Kansas City - August 04, 2020 - 07:54 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

WILLIAM CASTANS,

                Plaintiff,

v.

CBIZ INSURANCE SERVICES, INC.

**Serve**: Registered Agent
       Corporate Creations Network Inc.
       12747 Olive Blvd., #300
       St. Louis, MO 63141

                Defendant.

**Case No. 2016-CV-15087**

**Division 1**

## MOTION AND ORDER FOR APPROVAL AND
## APPOINTMENT OF PRIVATE PROCESS SERVER

Plaintiff requests that D&B Legal Services, Inc. be approved and appointed as process servers for the Petition in this case. The following individuals associated with D&B Legal Services are not parties to the case and are at least 18 years of age:

| | | |
|---|---|---|
| Jamie Andrews PPS20-0009 | Jeff Brown PPS20-0018 | Mary Dahlberg PPS20-0027 |
| Caleb Battreal PPS20-0010 | Hester Bryant PPS20-0019 | Bert Daniels JR PPS20-0028 |
| Bernard Beletsky PPS20-0011 | Nicholas Bull PPS20-0020 | Richard Davis PPS20-0029 |
| Carrington Bell PPS20-0012 | Randy Burrow PPS20-0021 | Anthony Dice PPS20-0497 |
| Thomas Bogue PPS20-0013 | Gory Burt PPS20-0022 | David Dice PPS20-0030 |
| Brent Bohnhoff PPS20-0014 | Kyle Carter PPS20-0023 | Maureen Dice PPS20-0031 |
| Arthur Boyer PPS20-0015 | Michael Conklin PPS20-0024 | Norman Diggs PPS20-0032 |
| Scott Brady PPS20-0016 | Lisa Corbett PPS20-0025 | Edwina Ditmore PPS20-0033 |
| Gary Brakemeyer PPS20-0017 | Dennis Dahlberg PPS20-0026 | Marrissa Doan PPS20-0034 |

| | | |
|---|---|---|
| Shawn Edwards PPS20-0035 | Edward Johnson PPS20-0060 | Ronald Moore PPS20-0086 |
| Tonya Elkins PPS20-0036 | James Johnson PPS20-0061 | Andrew Myers PPS20-0087 |
| William Ferrell PPS20-0037 | Etoya Jones PPS20-0062 | Frederick Myers PPS20-0088 |
| Robert Finley PPS20-0335 | Patrick Jones PPS20-0063 | James Myers PPS20-0089 |
| James Frago PPS20-0038 | Derec Kelley PPS20-0064 | Stephanie Myers PPS20-0090 |
| John Frago PPS20-0039 | Brent Kirkhart PPS20-0065 | Christopher New PPS20-0091 |
| Kenneth Frechette II PPS20-0040 | Janice Kirkhart PPS20-0066 | Jeremy Nicholas PPS20-0092 |
| Andrew Garza PPS20-0041 | Tyler Kirkhart PPS20-0067 | Michael Noble PPS20-0093 |
| Bradley Gordon PPS20-0042 | Damon Lester PPS20-0068 | Greg Noll PPS20-0094 |
| Thomas Gorgen PPS20-0043 | Daniel Maglothin PPS20-0069 | Robert O'Sullivan PPS20-0095 |
| Tom Gorgone PPS20-0044 | Chad Maier PPS20-0070 | Mike Perry PPS20-0096 |
| Richard Gray PPS20-0045 | Kenneth Marshall PPS20-0071 | Bob Peters PPS20-0097 |
| Charles Gunning PPS20-0046 | Deborah Martin PPS20-0072 | Devin Pettenger PPS20-0098 |
| James Hannah PPS20-0047 | Michael Martin PPS20-0073 | Carrie Pfeifer PPS20-0099 |
| Rufus Harmon PPS20-0048 | Todd Martinson PPS20-0074 | Craig Poese PPS20-0159 |
| James Harvey PPS20-0049 | Timothy McGarity PPS20-0075 | Bill Powell PPS20-0100 |
| Natalie Hawks PPS20-0050 | Casey McKee PPS20-0076 | Dee Powell PPS20-0101 |
| Douglas Hays PPS20-0051 | Michael Meador PPS20-0077 | Samantha Powell PPS20-0102 |
| Stephen Heitz PPS20-0052 | Kenny Medlin PPS20-0078 | Kim Presler PPS20-0103 |
| Wendy Hilgenberg PPS20-0053 | Maria Meier PPS20-0079 | Marcus Presler PPS20-0104 |
| James Hise PPS20-0054 | Thomas Melte PPS20-0080 | Mark Rauss PPS20-0105 |
| Gerald Hissam PPS20-0055 | Matthew Millhollin PPS20-0081 | Terri Richards PPS20-0106 |
| William Hockersmith PPS20-0056 | James Mitchell PPS20-0082 | Jorge Rivera PPS20-0107 |
| Alex Holland PPS20-0057 | Alexious Moehring PPS20-0083 | Sammie Robinson PPS20-0108 |
| Mary Hurley PPS20-0058 | Jonathan Moehring PPS20-0084 | Richard Roth PPS20-0109 |
| Betty Johnson PPS20-0059 | Jason Moody PPS20-0085 | Edna Russell PPS20-0110 |

| | | |
|---|---|---|
| Brenda Schiwitz PPS20-0111 | Sonja Stone PPS20-0118 | Andrew Wickliffe PPS20-0128 |
| Michael Siegel PPS20-214 | David Taliaferro PPS20-0119 | Norman Wiley PPS20-0129 |
| Joe Sherrod PPS20-0112 | Michael Taylor PPS20-0120 | Gregory Willing PPS20-0130 |
| Andrew Sitzes PPS20-0113 | Robert Torrey PPS20-0121 | Conni Wilson PPS20-0131 |
| Laura Skinner PPS20-0114 | Lucas Traugott PPS20-0122 | Jerry Wilson PPS20-0132 |
| Thomas Skinner PPS20-0115 | Steve Trueblood PPS20-0123 | Debra Woodhouse PPS20-0133 |
| Richard Skyles PPS20-0215 | Jonathan Trumpower PPS20-0124 | Stan Yoder PPS20-0134 |
| Chris Stanton PPS20-0216 | Ryan Weekley PPS20-0125 | Greg Zotta PPS20-013 |
| William Steck PPS20-0116 | Misty Wege PPS20-0126 | |
| Randy Stone PPS20-0117 | Andrew Wheeler PPS20-0127 | |

3

Plaintiff therefore requests that these persons be appointed to serve process in this case.

Respectfully Submitted,

**DUGAN SCHLOZMAN LLC**

/s/ *Mark V. Dugan*
Heather J. Schlozman, Mo Bar #43234
Mark V. Dugan, Mo Bar # 39629
heather@duganschlozman.com
mark@duganschlozman.com
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
Telephone:  (913) 322-3528
Facsimile:   (913) 904-0213

**Counsel for Plaintiff**

## ORDER

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____05-Aug-2020_____        _____
                                                              DEPUTY COURT ADMINISTRATOR

4



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>SANDRA C. MIDKIFF | Case Number: 2016-CV15087 |
|---|---|
| Plaintiff/Petitioner:<br>WILLIAM CASTANS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARK VAN BUREN DUGAN<br>8826 SANTA FE DR STE 307<br>OVERLAND PARK, KS  66212 |
| Defendant/Respondent:<br>CBIZ INSURANCE SERVICES INC | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Breach of Contract | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** CBIZ INSURANCE SERVICES INC
  **Alias:**
CORPORATE CREATIONS NETWORK IN
12747 OLIVE BLVD #300
SAINT LOUIS, MO 63141

**PRIVATE PROCESS SERVER**



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

05-AUG-2020
  Date                                                                                  Clerk

Further Information:

### Sheriff's or Server's Return
**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____         _____
Printed Name of Sheriff or Server                                  Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
                 Subscribed and sworn to before me on _____ (date).
*(Seal)*
                 My commission expires: _____         _____
                                                                       Date                                   Notary Public

**Sheriff's Fees**
Summons                             $_____
Non Est                                 $_____
Sheriff's Deputy Salary
Supplemental Surcharge      $_____10.00_____
Mileage                                  $_____  (_____ miles @ $._____ per mile)
**Total**                                    $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020